## CAIN v. REEVE et al.*

No. 1683. Decided December 20, 1905 (83 Pac. 568).

BUILDING AND LOAN ASSOCIATION—SETTLEMENT WITH BORROWING MEMBER.—A building association advanced $500 to a member, receiving a note for $2,000, with twelve per cent. interest, secured by a mortgage on real estate. It assumed to pay a note previously executed by the member to a third person for $1,500, with seven per cent. interest, secured by a mortgage on the same property, but stipulated that if the member should fail to make the payments provided for the association should be under no obligation to pay such note at its election, and the note executed to it should stand as a note for $500, plus dues, interest, and fines unpaid at the date of the election. The member paid the membership fee, monthly stock payments, and interest and fines amounting to $884.52. He failed to make further payments, and the association

---

* Right to apply payments made on stock in a building and loan association upon a mortgage given for a loan by the same member, see note, 29 L. R. A. 120.

elected to declare its assumption of the $1,500 note void. *Held,* that a judgment adjudging that the association was only entitled to charge the member with the $500 advanced by it, together with twelve per cent. interest, together with payments made by it under the agreement, and adjudging that the member was entitled to have each monthly payment applied in reduction of the amount due at the time of such payment, gave the association all it was entitled to.

APPEAL from District Court, Third District; C. W. Morse, Judge.

Action by Addison Cain against William J. Reeve and another, in which the Colorado Investment Loan Company filed a cross-complaint. From a judgment directing the application of the proceeds of the sale of defendants' premises, the Colorado Investment Loan Company appeals.

AFFIRMED.

*Smith & Putnam* and *E. L. Williams,* for appellant.

*Patterson & Moyer,* for respondents.

### APPELLANT'S POINTS.

"If the promisee incurs liability in reliance on the promise, the promisor is estopped to assert that there was no consideration for the engagement." (177 Ill. 280; 69 Am. St. Rep. 242; 50 Iowa 223; 138 Mo. 672; 60 Am. St. Rep. 576.)

"A valuable consideration has been defined to consist in either some right, interest, profit or benefit accruing to the party who makes the promise, or some forbearance, detriment, loss, responsibility, act, labor or service given, suffered or undertaken by the party to whom it is made." (6 Am. & E. Ency. of Law, 703.)

The contract was not unconscionable. A careful study of all the cases on the building and loan companies will show that this court has simply refused to enforce an unconscionable agreement to pay, not only interest, but a large bonus or premium besides, which is clearly unjust. (*Sawtelle v. N. A. Savings Co.,* 14 Utah 443; *People's Association v. Frowble,* 17 Utah 122; *Hale v. Thomas,* 20 Utah 426; *How-*

*ells v. Pac. St. S. Co.,* 21 Utah 45; *Ashton v. Pac. State Bldg. Co.,* 21 Utah 59; *Hendry v. Pac. State Bldg. Co.,* 21 Utah 58; *Robinson v. Pac. State S. L. & B. Co.,* 21 Utah 60.)

"In construing a contract, each of its provisions must be considered in connection with the others, and, if possible, effect must be given to all." (*McKay v. Treasurer B. of E.,* 21 Utah 239, 5 L. R. A. 371; *Pollak v. B. E. Ass'n,* 128 U. S. 446; *Shinn v. Bodine,* 6 Penn. St. 182.)

STRAUP, J.

Cain brought this action against the Reeves to foreclose a mortgage. The appellant cross-complained on a junior mortgage. The appeal is on the judgment roll.

The findings of the court show that on October 5, 1901, the appellant, a building and loan association, issued to the respondent Wm. J. Reeve twenty-two shares of its class I protected installment stock, of par value of $100, to be paid for in monthly installments of fifty cents per share, or $11 per month. Later this certificate was canceled and another issued in lieu thereof, to be paid for in installments of thirty cents per share, or $6.60 per month. On October 21, 1901, the said Reeve made application to the appellant for a loan of $2,000 upon certain real estate situate in Salt Lake City. On November 21, 1901, the appellant procured the respondent Cain to make the said Reeve a loan of $1,500, with interest at seven per cent. per annum. The Reeves thereupon, on said date, executed to Cain their note and mortgage on said real estate, payable three years thereafter, with interest at seven per cent. per annum, payable quarterly. Among other things the terms of the mortgage required the Reeves to keep the premises insured, and provided that a breach thereof gave the holder of the mortgage the right to declare the whole note due and payable. On December 13, 1901, the appellant advanced and paid to the Reeves an additional $500, making in all the sum of $2,000 received by them from both Cain and appellant. Thereupon the Reeves executed to appellant another and additional note and mortgage on the same premises in the sum of $2,000, payable after eighteen months and on or about 120 months after date, with interest at twelve per cent, per annum, together with stock payments and fines, all payable monthly. In this note it was specified that part of its consideration was the $500 loaned by appellant to the Reeves,

and partly appellant "agrees to assume and pay or discharge for the makers hereof, on or about the maturity hereof," the promissory note executed by the Reeves to Cain. Appellant's note further provided: "It is understood and agreed that the payee herein may, at its option, at any time, pay off the said prior promissory note, secure an extension or renewal thereof, or procure a new loan upon said property to take the place of the loan evidenced by said prior promissory note; provided, that no extension or renewal shall be obtained or new loan secured for a period beyond the date of the maturity hereof. It is understood and agreed that if the makers hereof shall fail, neglect or refuse to keep and perform each and all of the covenants and agreements herein contained, or shall fail, neglect or refuse to make any payment herein provided for, in the amount and at the time and in the manner herein provided, then the payee herein shall be under no further legal obligation to assume or pay the said prior promissory note, or the interest thereon, or any new note, or the interest thereon, executed to secure the payment of a new loan as aforesaid, and the assumption thereof shall at the option of the payee herein, be null and void and of no effect whatever; provided, that if by reason of the default of the makers hereof the payee herein shall elect to exercise its option to declare the said assumption of the said prior promissory note null and void, then this note shall stand as a note for the sum of five hundred ($500) dollars, plus all amounts for dues, interest and fines, due and unpaid at the date of such election, together with any sum that may have been paid by the payee herein, on the principal of said prior promissory note, or for taxes or insurance, with interest thereon, from the date of its election to declare said assumption null and void, at the rate of twelve (12) per cent. per annum, and the payments of interest theretofore made hereon by the maker hereof, shall only be considered as a liquidation of the interest on this note, and as full consideration for the conditional assumption of said prior note, and the payment of interest thereon by the payee herein, to the date of the beginning of said default." On the 11th day of October, 1901, appellant procured an insurance company to issue to it a life insurance policy for $2,200 on the life of Wm. J. Reeve, at a monthly premium of $2.62, which said premiums were paid by the appellant as

they became due. The value of the property at the time of said loans was about $2,200.

The court further found that the said Reeve paid to appellant, between October 1, 1901, and the commencement of the action, the sum of $884.52, as follows: Membership fee, $22; stock payments or dues, $222.20; interest $635; fines, $5.32—and that he was entitled to credit therefor upon his note and mortgage. That appellant paid to Cain all the interest on his note and mortgage up to September 1, 1904, as the same became due, amounting to $297.50, but paid no part of the principal. That the last payment made by the Reeves to appellant was July 28, 1904. That appellant exercised the option given it by its said note and mortgage to declare the principal thereof due and payable on account of said default, and also exercised the option given it by the terms of said note to declare its assumption of the Cain note null and void.

It was further found: "(21) That in determining the amount due from said Wm. J. Reeve and Vinnie E. Reeve to the Colorado company [appellant] upon its note and mortgage, said Colorado company is not entitled to charge them [Reeves] with interest on $2,000 at twelve per cent. per annum, up to December 1, 1904, as called for by its note and mortgage, but is only entitled to charge them with the $500 advanced by it, together with twelve per cent. interest per annum on said sum, and with the amounts paid by it for premiums on the life insurance policy of Wm. J. Reeve, and the interest paid by it upon the Cain note, and that said Reeves are entitled to have each monthly payment made by them applied in reduction of the total amount due at the time of such payment, consisting of principal, together with the interest accrued up to the time of payment; the remainder, after deducting the payment, forming a new principal, upon which interest is to be added until the next payment is made. In other words, that the account is to be treated as a loan of $500 at twelve per cent. interest, with partial payments of $26.60, each made monthly. That on this basis of computation there is due said Colorado company on its note and mortgage to July 17, 1905, the sum of $100.05." The court found due on the Cain mortgage the sum of $1,526.25, allowed $150 attorney's fee and costs of suit, and upon appellant's note, the sum of $100.05, and allowed it $100 attorney's fee. The de-

cree adjudged the sale of the premises, and directed the proceeds thereof to be applied, first, on Cain's indebtedness, then on appellant's, and the surplus to be yielded to the Reeves.

The only material question presented on this appeal arises with respect to finding 21. The appellant claims that the finding was not in accordance with the terms of its contract. It is claimed the sums paid as stock payments and dues ought not to have been applied in payment of the principal and interest, and that appellant was entitled to have interest on $2,000 at twelve per cent. per annum, instead of twelve per cent. interest on $500, the amount actually loaned by it to the Reeves. With such computation and allowance, the Reeves would still be indebted on their loan (1,500 from Cain $500 from appellant) somewhat in excess of $2,000 notwithstanding they, between October, 1901, and the commencement of the action in 1904, had paid thereon the sum of $884.52. Appellant makes this claim because of its assumption to pay the Cain mortgage, and the risk it assumed in advancing $500 on a property worth only $2,200 already covered by the Cain mortgage. Its assumption to pay either the interest or the principal of the Cain mortgage was so qualified and conditioned as to render its obligation ineffectual, and to involve no risk. The effect of the agreement obligated the appellant to pay the seven per cent. interest on the Cain mortgage only in the event that the Reeves paid to it twelve per cent. on $2,000. Whenever they failed so to pay, appellant's assumption was abrogated. Neither did it promise to pay the principal of the Cain note when it became due, but only promised to pay it on or before the maturity of the $2,000 note, and upon the condition that the Reeves paid it to the $2,000 note. The Reeves paying to appellant twelve per cent. on $2,000, and it paying Cain seven per cent. on $1,500, as a straight interest proposition, gave it twenty-seven per cent. per annum on its loan of $500. In the event the Reeves discontinue to pay this unconscionable rate, the appellant was given the power to declare its assumption of the Cain mortgage of no force, to collect interest at the rate of twelve per cent. on the full amount of $2,000, notwithstanding it loaned to them but $500, besides to charge them with unpaid dues, interest, and fines, and payments made by it on the Cain mortgage, together with twelve per cent. interest.

When the court treated the $500 paid by appellant to the Reeves as a loan to them, and allowed it twelve per cent. interest thereon, gave it credit for the interest payments made by it on the Cain note, and for the premiums of life insurance paid by it, we think the appellant was granted all the equity to which it was entitled.

The judgment of the lower court is affirmed, with costs.

BARTCH, C. J., and McCARTY, J., concur.