GEORGE T. ENSIGN, Appellant, v. THE COLORADO INVESTMENT LOAN COMPANY, a Corporation, Respondent.

No. 1920. Decided February 5, 1909 (99 Pac. 1076).

BUILDING AND LOAN ASSOCIATIONS—LOANS—UNCONSCIONABLE CONTRACT. Plaintiff applied to defendant building and loan association for a loan of $1,000. The association arranged with a bank to loan plaintiff $900, and the association loaned him $100. Plaintiff in November, 1901, executed a note to the bank for $900, and to secure it gave the bank a mortgage on real estate of the value of $1,680. Plaintiff also at the same time executed a note to the association for $1,000, and gave a second mortgage on the land to secure its payment. The bank's note was payable in three years, with interest at 7 per cent., and the association note on or before 120 months, with interest at 6 per cent. on $1,000 and 30 cents on every $100 thereof. The association agreed with plaintiff but not with the bank to assume the bank debt, provided only plaintiff paid the interest and principal on the bank note to the association. The association also required plaintiff to take out life insurance for its benefit and pay the premium. In December, 1905, plaintiff had paid the association $701.70, when the association still claimed that plaintiff owed the bank the entire principal and interest from November, 1905, and still owed the association $46.98. *Held*, that the contract was unconscionable.[1] (Page 258.)

---

[1] Cain v. Reeve, 30 Utah 56, 83 Pac. 568; Christensen v. Colorado Investment Co., 33 Utah 1, 91 Pac. 581.

APPEAL from District Court, Third District. *Hon. T. D. Lewis,* Judge.

Action by George T. Ensign against the Colorado Investment-Loan Company. Judgment for defendant, and plaintiff appeals.

REVERSED.

*C. S. Patterson* for appellant.

*Grant H. Smith* for respondent.

STRAUP, C. J.

The defendant is a building and loan association. The plaintiff was a member of the association. He applied to it for a loan of $1,000. The association arranged with the Deseret Savings Bank to let him have $900, which was paid to him by the bank. The association itself loaned him $100. In November, 1901, he executed a note to the bank in the sum of $900. To secure its payment, he gave the bank a mortgage on real estate owned by him of the value, with the buildings proposed, of $1,680. Notwithstanding the association loaned him only $100, he, nevertheless, at the same time executed a note of $1,000 to the association, and gave it a second mortgage on the real estate to secure its payment. The bank's note was payable in three years, with interest at 7 per cent. per annum; the association's note of $1,000 on or before 120 months after date "with interest thereon at the rate of 6 per cent. per annum on said sum ($1,000.00) and thirty cents on every $100.00 thereof." The association entered into a written agreement with the plaintiff, but not with the bank, to assume and pay the principal and interest of the bank's note, provided, however, in the event only that the plaintiff first paid the interest and principal of the bank note to the association. If he was in default on any one of such payments, the association's agreement to assume and pay the interest or principal of the bank's note ceased to be effectual, and gave it the right to declare its own note due and payable.

To further protect itself against the burden claimed to have been thus assumed by it, the association also required the plaintiff to take out a policy of life insurance on his life. He, by the terms of his agreement with the association, authorized it to procure and keep in force such a policy in a reliable life insurance company, and agreed to pay the premiums to the association. If he failed to pay them, the association could renounce all responsibility in the premises and declare its note due and payable.

In December, 1905, and when he had paid the association $701.70, he requested of it a statement of his account, and information upon what terms he could settle the loan. He was informed by the association that he still owed the bank the entire principal of $900 and interest from November, 1905, and that he still owed the association $46.98. Of the moneys received by the association from the plaintiff, it paid four years' interest on the bank's note, amounting to $252, and $119 premiums on the life insurance policy. The rest, the sum of $330.70, was retained by the association; and, after applying it to various transactions with respect to its loan and to matters and things which it claimed were stipulated for in the contract, it claimed there was yet due it the sum of $46.98. At this rate, and as provided by the terms of the agreement entered into between the plaintiff and the association, and the basis upon which the association applied plaintiff's payments, it is computed that it would take fifty years to pay off his indebtedness, during which time he would be required to pay about $6,000 of a principal, and $3,200 interest, or a total of $9,200.

The plaintiff brought this action against the association, claiming that he had overpaid it on its actual loan in the sum of $255, and that it had wrongfully failed to give him credit for such sum paid by him, and had wrongfully converted it to its own use and benefit (the plaintiff still being liable to the bank for the full amount of his note executed to it), and demanded judgment against the association for the sum of $255.

The defendant in its answer admitted the reecipt of the sums of money which the plaintiff alleged was paid to it by him. It pleaded and relied on the contract entered into between itself and the plaintiff, and claimed that the moneys received by it from him were paid out and applied in accordance with the terms of the contract. The court found the issues in favor of the defendant, and found that the moneys paid by the plaintiff had been applied by the defendant in accordance with the terms of the contract. The only conclusion of law made by the court is "that the plaintiff is entitled to nothing by his complaint, and that the defendant is entitled to judgment for its costs." Judgment was thereupon entered for the defendant. The plaintiff appeals. The defendant was properly served with notice, but it filed no brief, and made no appearance in this court, either in person or by counsel. The appeal is on the judgment roll. The assignments of error are directed to the conclusion of law and the judgment.

We are not advised whether the court arrived at the conclusion that the plaintiff was not entitled to recover on the theory that he mistook his remedy, or on the theory that the court held him bound by and gave effect to the contract, or on the theory that the legal effect of the contract was not raised by him, or that by reason of allegations in his complaint he estopped himself to raise such an issue. Plaintiff's complaint is inartificial and confusing. However, we think it and the findings made by the court sufficient to grant him some relief. If the court, on the findings made, denied the plaintiff relief, on the ground that it held him bound by the contract, and gave it legal effect, we cannot sanction such a conclusion or ruling, for we are of the opinion that such a contract is unconscionable. It was so held by us in the cases of *Cain v. Reeves and Colorado Investment Co.,* 30 Utah 56, 83 Pac. 568, and *Christiansen v. Colorado Investment Co.,* 33 Utah 1, 91 Pac. 581. In the main, the rulings made by us in these cases are decisive of the essential elements and the underlying principles involved in this case.

The judgment of the court below is reversed, and the cause remanded to the trial court, with directions to vacate the findings and judgment and to grant a new trial. Costs to appellant.

FRICK and McCARTY, JJ., concur.